FILED
2015 Sep-08  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICK JIBREEL COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-01429-JEO |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Patrick Jibrell Collins brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. (Doc. 1).[1]  This case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference.  The parties have consented to the jurisdiction of this court for the disposition of the matter.  (Doc. 9).  *See*  28 U.S.C. § 636(c), FED. R. CIV. P. 73(a).  Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

## I.  PROCEDURAL HISTORY

Plaintiff filed his application for disability insurance benefits under Title II of

---

[1]References herein to "Doc. ___" are to the electronic numbers at the top of each pleading that are assigned by the Clerk of the Court.

the Social Security Act on November 15, 2010, alleging that he became disabled beginning October 15, 2010.  (R. 135).[2]  On October 20, 2012, following a hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's application, concluding that he is not disabled under the Social Security Act.  (R. 29).  The Appeals Council declined to grant review of the ALJ's decision.  (R. 1-4).  Plaintiff then field this action for judicial review pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).  (Doc. 1).

## II.  STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one.  "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied."  *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The plaintiff must demonstrate that the decision of the Commissioner is not supported by substantial evidence.  *See, e.g.*, *Allen v. Schweiker,* 642 F.2d 799 (5th Cir. 1981).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal

---

[2]References herein to "R. ___" are to the administrative record located at Document 5 (Answer of the Commissioner).

quotations and citations omitted).  The court gives deference to factual findings and reviews questions of law *de novo*.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1982)) (internal quotations and other citations omitted); *see also Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005).  As noted above, conclusions of law made by the Commissioner are reviewed *de novo*. *Cornelius,* 936 F.2d at 1145.  Accordingly, "[n]o … presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Plaintiff bears the burden of proving that he is disabled, and he is responsible for producing evidence in support of such a claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014) (citing 20 C.F.R. § 404.1520(a)(4)). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted). The Commissioner must further show that

4

such work exists in the national economy in significant numbers. *Id*.; *Evans*, 551 F. App'x at 524.

## IV. DISCUSSION

### A. Facts

Plaintiff was 40 years old at the time of the ALJ's decision.  He is a Gulf War United States Army veteran.  He has a high school education and past relevant work history as a custodian and military mechanic.  (R. 28).  He has not engaged in substantial gainful activity ("SGA") since October 15, 2010.

Following an administrative hearing, the ALJ found that Plaintiff has severe impairments of degenerative disc disease, degenerative joint disease, and obesity.  (R. 21).  He also has non-severe impairments of hypertension, hidradenitis suppurativa, sleep apnea, furunculosis, plantar facial fibromatosis, Bell's palsy, chronic obstructive pulmonary disease, gastroesophageal reflux disease, hyperlipidemia, wrist problems including carpal tunnel syndrome, left thumb pain and crepitus, and "various psychological disorders such as" depression, anxiety disorder and dysthymic disorder. (R. 21-22).  He also fractured his right foot in 1996 and has a history of persistent pain.  (R. 406).  Plaintiff receives a 30% military service disability benefit from Veteran's Affairs ("VA").  It is premised upon "lumbosacral or cervical strain 20% and superficial scars 10%."  (Doc. 10 at 5; R. 363).  An additional 10% disability was

awarded in November 2012, retroactive to January 11, 2006, "for residuals of [his 1996] right ankle fracture." (R. 1639-41).

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with additional postural and environmental limitations. (R. 23). He also found that Plaintiff was unable to perform his past relevant work, but could work as a cashier, sales attendant, and cleaner. (R. 29). Finally, the ALJ determined that Plaintiff was not disabled. (*Id*.)

### B. Plaintiff's Claims

Plaintiff initially asserts in conlusory fashion that the ALJ's "severe impairment and RFC findings are not based on substantial evidence." (Doc. 10 at 6). Under that heading, he argues that the ALJ (1) failed to "explain how an individual who cannot perform past work as a custodian ... and who is limited to occasional stooping ... could possibly work as a cleaner"; (2) failed to adequately consider his global assessment of functioning ("GAF") scores to determine his RFC; (3) failed to properly credit his subjective complaints; and (4) failed to properly weigh the disability determinations of the VA and the Postal Service. (*Id*. at 6-8). He also asserts elsewhere in his brief that the Appeals Council failed to consider his new evidence concerning the VA's decision to award him an additional 10% rating concerning his right ankle fracture. (*Id*. at 8).

### 1.    The ALJ's Findings on Plaintiff's "Severe Impairments" and RFC

Plaintiff first argues that the ALJ's severe impairment findings are not based on substantial evidence. (*Id*. at 6). The Commissioner retorts that this argument is waived because Plaintiff offered no other argument or evidence in support of this claim. (Doc. 11 at 3-4). The court agrees. Plaintiff's failure to offer argument or evidence in support of this claim constitutes a waiver of the same. *See Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998) (in the absence of any argument, an issue is deemed abandoned); *see also United States v. Wilmore*, — F. App'x —, 2015 WL 4910496, *1 n.1 (11th Cir. Aug. 18, 2015) (where the defendant makes no arguments in support of statement, the argument is deemed abandoned); *Knight v. Thompson*, — F. App'x —, 2015 WL 4638871, *10 (11th Cir. Aug. 5, 2015) (issues mentioned in passing but without supporting argument or discussion are abandoned) (citing *Rowe*)); *Coon v. United States*, 607 F. App'x 849, 855 (11th Cir. Apr. 3, 2015) (movant's failure to cite relevant authority and elaborate as to what was error, and his advancement of claim in a "generally perfunctory ... manner" constituted a waiver of the argument).

Additionally, this claim is without merit on substantive grounds. To the extent that Plaintiff is arguing that the ALJ's determination of his severe impairments is erroneous, any such error is harmless. (Doc. 10 at 6). "The finding of any severe

impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011). Here the ALJ found multiple severe impairments at step two and proceeded to the remaining considerations.

To the extent Plaintiff is arguing that the ALJ did not assess the combined effect of his impairments, the record indicates otherwise. (Doc. 10 at 6). At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity" of a listed impairment.[3] (R. 22). This is sufficient to show that he properly considered all of Plaintiff's impairments during the evaluation process. *Id*. at 902-03; *Wilson*, 284 F.3d at 1224.

### 2.    Work as a Cleaner

In minimalist fashion, Plaintiff argues that "[t]he ALJ did not explain how an individual who cannot perform past work as a custodian (R. 28) and who is limited

---

[3]More specifically, he stated:

For each of the claimant's impairments, whether considered individually or in combination, the medical evidence does not document listing-level severity and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment.

(R. 22).

to occasional stooping (R. 23) could possibly work as a cleaner (R. 29)." (Doc. 10 at 7).  This claim does not support the grant of any relief under the circumstances.

The ALJ presented, as is required, a comprehensive hypothetical to the VE during the hearing that included limitations that were consistent with Plaintiff's RFC. (R. 23, 62).  *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (the ALJ must pose a hypothetical question which comprises all of the claimant's impairments). Specifically, the VE testified that Plaintiff court work as a cashier, sales attendant, or cleaner.  (R. 62).  He also testified that over one million of these jobs existed in the national economy.  (*Id*.)

To the extent Plaintiff argues the ALJ did not adequately explain how he could work as a cleaner, Plaintiff fails to note that the VE testified that his past work as a custodian was classified as medium work while the cleaner job is classified as light work, which is consistent with his RFC.  (R. 23, 61-62).  Additionally, Plaintiff has offered no challenge to the determination that he was able to work as a cashier or sales attendant.  Thus, this claim is without merit.

### 3.    Failure to Consider GAF Scores Regarding the RFC

Plaintiff next argues that the ALJ failed "to recognize that SSA does find GAFs relevant to a consideration of RFC."[4]  (Doc. 10 at 7 (citing 65 Fed. Reg. 50746 Aug.

---

[4]In *Lacina v. Comm'r, Soc. Sec. Admin*., 606 F. App'x 520 (11th Cir. 2015): the court stated:

21, 2000)).  The Commissioner disagrees, stating that the Agency has not endorsed the GAF scale for disability programs.  (Doc. 11 at 5 (citing 65 Fed. Reg. 50746, 50764-65 Aug. 21, 2000)).  She also notes that Plaintiff's GAF scores were consistent during the time he was working and after he became disabled.  (*Id.* at 5-6).

It is evident that the Commissioner has not endorsed the use of GAF scores. To the contrary, the Eleventh Circuit has recently stated, "At the outset, it is important to note that the Commissioner has indicated that GAF scores have no 'direct correlation to the severity requirements of the mental disorders listings.' " *Lacina*, 606 F. App'x at 527 (citing 65 Fed. Reg. 50746, 50764-65).  *See also Wright v. Colvin*,

---

GAF is a standard measurement of an individual's overall functioning level "with respect only to psychological, social and occupational functioning."  American Psychiatric Association Diagnostic and Statistical Manual of Mental Disorders, at 32 (4th ed. 1994) (DSM–IV).  A GAF of 31-40 indicates some impairment in reality testing or communication or major impairment in several areas, such as work or school, famil[y] relations, judgment, thinking, or mood.  *Id.*  A score between 41 and 50 indicates serious symptoms, such as suicidal ideation, serious impairment in social, occupational or school functioning.  *Id.*  A score between 51 and 60 indicates moderate symptoms, such as occasional panic attacks or moderate difficulty in social, occupational or school functioning.  *Id.*

*Lacina*, 606 F. App'x at 523, n.2.

The RFC is an assessment of the extent to which a claimant's impairments may affect her capacity to work.  20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(5). The RFC evaluation is used in the fourth and fifth steps of the sequential process to determine whether the claimant can perform past work and, if not, whether the claimant can perform other work in the national economy.  *Id.*

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 613 (11th Cir. 2015).

789 F.3d 847, 855 (8th Cir. 2015) ("65 Fed. Reg. 50746, 50764–65 ("[GAF scores] do[ ] not have a direct correlation to the severity requirements in our mental disorders listings.")).  In *Thornton*, the court noted, "As the Sixth Circuit has observed, GAF scores may be helpful in formulating a claimant's RFC, but are not essential to the RFC's accuracy, and an ALJ's failure to describe GAF scores does not render the ALJ's RFC assessment inaccurate."  *Thornton*, 597 F. App'x at 613 (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)).

In this case, the ALJ noted the GAF scores in the record, but gave them little weight due to the fact that they simply "are snapshots of an individual's adaptive skills at a moment in time; they do not necessarily reflect a claimant's ongoing functional ability or correspond to any regulatory measure of severity." (R. 27).  Plaintiff argues that his GAF scores in the 50s indicate "at least a moderate effect on functioning (DSM-IV) [that] would reasonably affect interaction at least with the public in the performance of duties of sales attendant." (Doc. 10 at 7).  However, the medical records show that Plaintiff's GAF scores were relatively consistent while he was working with the Postal Service as a labor custodian and after the purported disability onset date in October 2010. (*Compare* R. 391, 412, 457-58, 494-95, 566, 600, 630, 703, 716, 764, 768 & 1605).  The scores do not demonstrate that Plaintiff was disabled or had additional functional limitations not accounted for by the ALJ.  To the

contrary, they demonstrate that while Plaintiff's scores were in the 50s and 60s, he was able to maintain his work with the Postal Service and reasonably could be expected to do so with similar scores after the onset date.  There is no error in the record concerning this claim.

### 4.    Failure to Properly Evaluate Subjective Complaints

Plaintiff next argues that the ALJ did not properly evaluate and credit his subjective complaints.  (Doc. 10 at 7).  The Commissioner retorts that the argument is meritless.  (Doc. 11 at 6).

This claim is without merit for a number of reasons.  First, Plaintiff fails to articulate how the ALJ failed to adequately evaluate his subjective complaints. Second, an ALJ is charged with making credibility choices.  *Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995) (recognizing that the ALJ may make such choices).  He is not required to accept a claimant's subjective complaints of pain and may properly consider his credibility while assessing whether he is disabled.  *Wilson*, 284 F.3d at 1225-26.  "If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so."  *Id*. at 1225; *Bellew v. Acting Com'r of Soc. Sec.*, 605 F. App'x 917, 928 (11th Cir. May 6, 2015).    Here, the ALJ did determine that Plaintiff's subjective complaints were not entirely credible and he articulated specific

reasons for that determination.[5]  (See R. 23-28).  By way of example, the ALJ stated, "While there is empirical evidence of medical impairments, the claimant's relatively modest examination results undermine his overall credibility with respect to the alleged severity of his symptoms."  (R. 25; *see also* R. 42-44, 288-89, 291, 315, 842, 873-74, 967, 1010, 1072, 1252, 1285 & 1604).  Immediately thereafter, the ALJ provided specific examples of where the objective medical evidence did not support Plaintiff's complaints.  (*Id.*)  Additionally, the ALJ noted Plaintiff's conservative medical treatment history and that his symptoms were managed by medication.  (R. 844-45, 847, 1248, 1430).  The ALJ also noted, "The opinions of the claimant are not fully credible, for a variety of reasons."  (R. 27).  Again, immediately after that statement, the ALJ noted specific examples of Plaintiff's noncompliance with recommended courses of treatment, his inconsistency in taking his medication, his unwillingness to participate in available weight loss programs, and his ability to do basic activities.  (*Id.*)  Finally, the ALJ noted that some of Plaintiffs statements are indicative of someone who is not disabled.  For example, Plaintiff stated that he was considering "going back to school" and that he was thinking about "starting his own

---

[5] "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities, (2) the nature and intensity of pain and other symptoms, (3) precipitating and aggravating factors, (4) effects of medications, and (5) treatment or measures taken by the claimant for relief of symptoms.  *See* 20 C.F.R. § 404.1529(c)(3)."  *Bellew*, 605 F. App'x at 928.

business" because he "does not want to work for anyone ever again."  (R. 27, 1161 &
1604).

### 5.    Failure to Properly Weigh the VA and the Postal Service Disability Determinations

Plaintiff next argues that the ALJ should have assigned more weight to the other
agency determinations that he was disabled.  (Doc. 10 at 7-8).  The beginning point
for this discussion is the fact that the determination of another governmental agency
that a claimant is disabled under that agency's rules is not binding on the
Commissioner.  *See* 20 C.F. R. § 404.1504;[6] SSR 06-03P, 2006 WL 2329939, at *6-
7;[7] *see also Bloodsworth v. Heckler*, 703 F2d 1233, 1241 (11th Cir. 1983) ("The

---

[6]20 C.F.R. § 404.1504 provides:

[a] decision by any nongovernmental agency or any other governmental agency
about whether you are disabled or blind is based on its rules and is not our
decision about whether you are disabled or blind.  We must make a disability or
blindness determination based on social security law.  Therefore, a determination
made by another agency [e.g., Workers' Compensation, the Department of
Veterans Affairs, or an insurance company] that you are disabled or blind is not
binding on us.

[7]SSR 06-03P provides, in pertinent part:

Because the ultimate responsibility for determining whether an individual is
disabled under Social Security law rests with the Commissioner, we are not
bound by disability decisions by other governmental and nongovernmental
agencies.  In addition, because other agencies may apply different rules and
standards than we do for determining whether an individual is disabled, this may
limit the relevance of a determination of disability made by another agency.
However, the adjudicator should explain the consideration given to these
decisions in the notice of decision for hearing cases and in the case record for

14

findings of disability by another agency, although not binding on the Secretary, are entitled to great weight.").[8]

In the present case, the ALJ considered Plaintiff's VA disability rating and his medical retirement from the Postal Service and concluded that they were not binding. (R. 26). In assessing the determinations, the ALJ noted that other evidence, including a mediator's suggestion in a child support matter involving Plaintiff, indicated that Plaintiff voluntarily left his job and was not actually disabled. (*Id.*) Although the mediator's opinion was given "little weight," the ALJ also noted again that there was

---

initial and reconsideration cases.

[8]In *Pearson v. Astrue*, 271 F. App'x 979 (11th Cir. 2008), the court affirmed a finding that a claimant did not qualify for Social Security benefits despite the fact that the VA found he was totally disabled. The court's discussion in that case is instructive:

> The record supports the conclusion by the administrative law judge that, although Pearson received a total disability rating by the Veterans Administration, he did not qualify for Social Security benefits. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). The Veterans Administration concluded that Pearson was totally disabled due to a bipolar disorder, low back pain, and hypertension. The rating was awarded based on the finding by the Administration that Pearson had an "impairment of mind or body which [was] sufficient to render it[ ] impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. § 3.340(a)(1). This rating, although given "great weight," was not binding on the administrative law judge. *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984). The record establishes that the administrative law judge considered the rating in his decision and correctly explained that a claimant had to satisfy a more stringent standard to be found disabled under the Social Security Act. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

*Pearson*, 271 F. App'x at 980-81.

little "objective evidence" supporting Plaintiff's claim of disability under the Social Security Act. (*Id*.) Additionally, he noted that Plaintiff lacked the motivation to work because of child support and income tax obligations. (R. 26-27). Plaintiff does not dispute this evidence or these factual findings in this appeal with any contrary evidence. Instead, he attempts to rely on his conclusory arguments. In sum, the court finds the ALJ did consider the other agency determinations along with the other evidence and properly determined that Plaintiff was not disabled.

### 6.   Failure to Consider New Evidence

Lastly, Plaintiff argues that the AC failed to consider his new evidence concerning the VA's decision to award him an additional 10% rating as to his right ankle fracture. (Doc. 10 at 8). Specifically, Plaintiff asserts that the AC "ignored" this evidence. (*Id*.) The Commissioner retorts that the AC "properly considered the evidence, concluded that it did not provide as basis for changing the ALJ's decision, and denied Plaintiff's Request for Review." (Doc. 10 at 10 (citing R. 1-4)). Where evidence not presented to the ALJ is presented the AC and the AC later denies review, this court must consider the evidence to determine if the decision of the Commissioner is supported by substantial evidence. *Ingram v. Barnhart*, 496 F.3d 1253, 1262, 1265-67 (11th Cir. 2007).

To the extent Plaintiff argues that the Commissioner "ignored" his evidence,

the court finds otherwise.  The evidence was listed on the Exhibits List.  (R. 4 & 5).

The decision specifically stated that the AC considered "the additional evidence

listed."  (R. 1).  That is all that is required.  *See Mitchell v. Comm'r, Soc. Sec. Admin.*,

771 F.3d 780, 785 (11th Cir. 2014) (AC is not required to provide a detailed

explanation of a claimant's new evidence when it denies a petition for review.).

The question for the undersigned is whether the record, including the "new

evidence," supports the Commissioner's decision.  Stated another way, "when a

claimant properly presents new evidence to the Appeals Council [but the Appeals

Council denies review], a reviewing court must consider whether that new evidence

renders the denial of benefits erroneous." *Beavers v. Comm'r, Soc. Sec. Admin.*, 601

F. App'x 818, 822 (11th Cir. 2015) (quoting *Ingram*, 496 F.3d at 1262)).

The record reveals that while the additional 10% disability rating for Plaintiff's

right ankle fracture (R. 1639) is noteworthy, it is not dispositive.  It must be

considered with the remaining evidence in the record.  The additional evidence

includes medical records showing that in December 2009, an x-ray of Plaintiff's right

foot showed no fractures, dislocations, or significant degenerative changes and

unremarkable soft tissue.  (R. 291).  His physical examination notes for the same

month demonstrate that Plaintiff could walk over .25 miles to one mile, that his

responsiveness to medication was good without side effects, and that his gait and

17

balance were normal. (R. 844-47). As late as October 2011, he reported only moderate difficulty walking. (R. 1246-48). Other physical examinations between October 13, 2010 and September 12, 2012, reveal that he had 5/5 muscle strength in his right ankle and foot (R. 315, 873-74, 1072 & 1252), that he ambulated with a steady or normal gait (R. 425, 1010, 1072 & 1252), and that he ambulated without an assistive device (R. 316, 1028 & 1575).

Additionally, the court cannot ignore Plaintiff's work history following the foot injury. He worked from 1996 to 1998 in the Army at a "heavy exertional" level and from 2000 to 2010 at the "medium exertional" level as a custodian. (R. 61-62, 219).

In view of the foregoing evidence and the ALJ's evaluation of the same, the undersigned finds that Plaintiff has not demonstrated that the decision of the Commissioner is not supported by substantial evidence or that the "new evidence" renders the decision erroneous.

## V. CONCLUSION

The Commissioner determined that Plaintiff was not disabled under the Social Security Act. For the reasons set forth above, the undersigned finds that the Commissioner's decision is due to be affirmed. An appropriate order will be entered herewith.

**DATED**, this the 8th day of September, 2015.

_____

**JOHN E. OTT**
Chief United States Magistrate Judge